**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gregorio LEON–HERNANDEZ,**
**Defendant—Appellant.**

No. 04–10187.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided July 14, 2005.

Jeffrey H. Jacobson, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephen G. Ralls, Esq., Susan Bryson Fox, Stephen G. Ralls, P.C., Tucson, AZ, for Defendant–Appellant.

Before: REAVLEY,* T.G. NELSON, and RAWLINSON, Circuit Judges.

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

## MEMORANDUM **

1. Defendant argues that the district court erred in not granting him a mistrial after it allowed the government to question Jose Colon–Maldonado (Colon) about the charged conspiracy. The court gave a curative instruction after the evidence was wrongfully admitted, and the fact that the jury acquitted Defendant of Counts One and Two indicates that the jury followed the instruction. *See United States v. Alvarez,* 358 F.3d 1194, 1206 (9th Cir.2004).

2. After the rebuttal witnesses testified, the trial court gave a curative instruction directing the jury to disregard the testimony. There is no evidence in the record that the curative instruction failed to alleviate any prejudice to the Defendant. *See United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir.2002) (holding that prosecutorial blunder did not prejudice the defendant, as the blunder was effectively cured by the instruction to the jury to disregard it).

3. The district court did not abuse its discretion in excluding testimony from Defendant about a particular conversation he had with Colon. The prior testimony was that Defendant and Colon had met, not that they had a particular conversation. The district court properly excluded the testimony as irrelevant. *See United States v. Gonzalez–Rincon,* 36 F.3d 859, 866 (9th Cir.1994) (holding that the appeals court may affirm the ruling of the district court on any basis which the record supports).

4. Because any error that occurred in this case was harmless, the court did not abuse its discretion in denying Defendant's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

motion for a new trial. *See Murillo,* 288 F.3d at 1140.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.